IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| THOMAS P. NIXON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-296 |
| | § | |
| CITY OF HOUSTON and HAROLD HURTT, | § | |
| | § | |
| | § | |
| Defendants. | § | |

### ORDER

Pending before the Court is Plaintiff's Application for Temporary Restraining Order (Document No. 2). Having considered the motion, submissions, applicable law, and oral argument of the parties at a hearing on February 2, 2006, the Court determines the motion should be granted in part.

### BACKGROUND

Plaintiff Thomas Nixon ("Nixon") is a law enforcement officer with the Houston Police Department ("HPD"). On January 18, 2006, after a high speed chase involving a fleeing felon ended in a collision, Plaintiff (who arrived at the scene after the collision) made statements to the media critical of HPD's policies regarding high speed chases. Plaintiff alleges his statements "addressed whether current policies ensured the safety of the general public while still allowing police officers enough leeway to most

effectively fulfill their duties and responsibilities." On January 19, 2006, Plaintiff appeared on news media outlets and again discussed HPD's policies.

After the January 19, 2006 interviews, HPD relieved Plaintiff of his regular duties and reassigned him to another division. Plaintiff received a written order from HPD instructing him not to speak with the media regarding department policy or ongoing investigations in his capacity as a HPD officer. The order further directed him, in his capacity as a private citizen, to refrain from making statements that tend to "bring reproach, discredit, or embarrassment to the department."

Plaintiff brings claims against the city of Houston and HPD Police Chief Harold Hurtt alleging violations of his First and Fourteenth Amendment Rights.

## LAW AND ANALYSIS

In his application for a temporary restraining order, Plaintiff asks the Court to: enjoin Defendants from engaging in unlawful employment practices; order Defendants to rescind orders prohibiting Plaintiff from making statements on matters of public concern; and reinstate Plaintiff to the position he held before being reassigned. To obtain a temporary restraining order, Plaintiff must establish: (1) a substantial likelihood of success on the merits; (2) a substantial threat he will suffer irreparable injury absent the injunction; (3) that the threatened injury outweighs any harm the injunction might cause Defendants; and (4) the injunction will not impair the public interest. *Enrique*

*Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000).

In its January 19, 2006 memorandum entitled "Order to Refrain from Making Statements on Department Policy During Pending Internal Investigations," the HPD orders Nixon not to make statements in his capacity as a HPD officer and "not to make statements that tend to bring reproach, discredit, or embarrassment" to HPD in his capacity as a private citizen. The language of the order imposes restrictions on Nixon's speech. Thus, the Court must analyze HPD's restrictions on Nixon's speech under *Pickering v. Board of Education,* 391 U.S. 563 (1968), *Connick v. Myers,* 461 U.S. 138 (1983), and progeny. *See Moore v. City of Kilgore,* 877 F.2d 364, 369 (5th Cir. 1989); *see also Farhat v. Jopke,* 370 F.3d 580, 598 (6th Cir. 2004)(*Pickering* balancing test applies to prior restraints on public speech).

First, the Court must determine if Nixon's speech can be "fairly characterized as constituting speech on a matter of public concern." *Connick,* 461 U.S. at 146. In making such a determination, the Court examines the content, form, and context of the statements. *Id.* at 148. This determination is a question of law. *Moore,* 877 F.2d at 369. As the Supreme Court has noted, "public concern is something that is a subject of legitimate news interest; that is, a subject of general interest and of value and concern to the public." *City of San Diego v. Roe,* 543 U.S. 77, 83-84 (2004)

If the Court concludes that the speech constitutes a matter of public concern, the

Court next determines if Nixon and the public's interest is outweighed by the Defendant's interest "in promoting the efficiency of the public services it performs through its employees." *Pickering,* 391 U.S. at 568. The Defendants bear the burden of showing their interest. *See Moore,* 877 F.2d at 372.

Here, as previously noted, Defendants have ordered Nixon to refrain from discussing department policy or making any "statements that tend to bring reproach, discredit, or embarrassment to the department." Based on the preliminary evidence before the Court, and without a written response filed by Defendants, it appears Nixon has preliminarily demonstrated such a restriction violates his First Amendment rights under *Pickering.*

Accordingly, the Court preliminarily determines Defendants orders restricting Plaintiff's speech unduly impose on Nixon's First Amendment rights, and such imposition constitutes irreparable injury. *See Elrod v. Burns,* 427 U.S. 347, 373 (1976). Moreover, the Court determines there exists a substantial likelihood Nixon will prevail on the merits of his constitutional claims related to HPD's restriction of his speech, that the threatened injury to Nixon of allowing the restriction to remain in place outweighs the potential harm to Defendants, and that ordering Defendants to suspend their order is in the public interest.

However, the Court declines to order reinstatement of Plaintiff to full active duty

at this time. The Court will consider this, and all other relevant matters, at the preliminary injunction hearing on February 21, 2006 at 10:00 a.m. This Order shall have no impact on Nixon's suspension or reassignment. Given the foregoing, the Court hereby

ORDERS Defendants shall immediately suspend any orders prohibiting Thomas P. Nixon, in his official capacity, from engaging in speech on matters relating to department policy pending further order of this Court. The Court further

ORDERS Defendants shall immediately suspend any orders prohibiting Thomas P. Nixon from making statements in his capacity as a private citizen pending further order of this Court. The Court further

ORDERS that Thomas P. Nixon shall immediately post security in the amount of $500 in accordance with Federal Rule of Civil Procedure 65(c). The Court further

ORDERS the parties to appear before the Court on February 21, 2006 at 10:00 a.m. for a preliminary injunction hearing. The Court further

ORDERS that all relief not granted herein is DENIED at this time.

SIGNED at Houston, Texas, on this 3rd day of February, 2006

*David Hittner*